U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 15 2019

CLERK, U.S. DISTRICT COURT
By_____
　　　Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN ANDREW DUNN, §
　　　　　　　　　　　　　　　　　　§
　　　　　　　　Petitioner, §
　　　　　　　　　　　　　　　　　　§
v. §　　No. 4:18-CV-186-A
　　　　　　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　　　　　§
　　　　　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John Andrew Dunn, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 8, 2016, in Parker County, Texas, Case No. CR16-0782, pursuant to a plea bargain agreement, petitioner pleaded guilty to unlawful possession of a firearm by a felon and true to the felony-enhancement paragraph in the indictment, and the trial

court sentenced him to 18 years' imprisonment.[1] (SHR-01[2] 16-22.)
Petitioner did not appeal the judgment of conviction but did
challenge the conviction in a state postconviction writ of habeas
corpus, which was denied by the Texas Court of Criminal Appeals
without written order. This federal petition followed.

## II. ISSUES

In petitioner's original form petition, he claims that he
was denied effective assistance of trial counsel by being
unlawfully charged as a felon in possession of a firearm under §
46.06 of the Texas Penal Code because it did not apply to him.
(Pet. 6.) In a supplemental form petition, he claims that he was
denied effective assistance of trial counsel because counsel
"coerced/induced" his guilty plea and failed to challenge the
"CI's" credibility. (Supp. Pet. 6.)

## III. RULE 5 STATEMENT

Respondent does not allege that the petition is barred by
successiveness, the federal statute of limitations, or a failure
to exhaust state court remedies. (Resp't's Answer 3-4.)

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened

---

[1]On the same date in the same court, petitioner also pleaded guilty
pursuant to plea bargain agreements to delivery of a controlled substance (1-4
grams) and possession of a controlled substance (4-200 grams) with the intent
to deliver in Case Nos. CR16-0325 and CR16-0746 and was sentenced to 18 years'
confinement in each case.

[2]"SHR-01" (state habeas record) refers to the documentary record of
petitioner's state habeas proceeding in WR-86,956-01.

standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011).

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings of fact and conclusions of law, a federal court may imply fact findings consistent with the state court's disposition and presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v. Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99;

3

*Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Schaetzle v.*
*Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004); *Pondexter v. Dretke,*
346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d
491, 493 n.3 (5th Cir. 2002). A petitioner has the burden of
rebutting the presumption of correctness by clear and convincing
evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S.
322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).
Additionally, when the Texas Court of Criminal Appeals, the
state's highest criminal court, denies relief on a state
habeas-corpus application without written order, typically it is
an adjudication on the merits, which is likewise entitled to this
presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943
S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a
federal court "should 'look through' the unexplained decision to
the last related state-court decision providing" particular
reasons, both legal and factual, "presume that the unexplained
decision adopted the same reasoning," and give appropriate
deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188,
1191-92 (2018).

## V. DISCUSSION

Petitioner claims that his trial counsel was ineffective by
allowing him to plead guilty to and be convicted for an act that
did not constitute a crime; by coercing/inducing him to accept
the plea bargain; and by failing to challenge the confidential

4

informant's credibility.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. To prove prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Further, ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of § 2254(d)(1). *See Gregory v. Thaler,* 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state courts have adjudicated the

ineffective-assistance claims on the merits, this court must review petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). In such cases, the "pivotal question" for this court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101, 105.

Under his first claim, petitioner asserts that his trial counsel was ineffective by failing to object to the charge and allowing him to be convicted of an offense for which he was "exempt." (Pet'r's Mem. 3.) Petitioner raised this claim in his state habeas application, but the state habeas court found that there were "no controverted, previously unresolved facts material to the legality" of petitioner's confinement and that the claim was without merit and the Texas Court of Criminal Appeals denied relief without written order. (SHR-01 52.)

Section 46.04 of the Texas Penal Code provides that

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever is later; or
> (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a)(1)-(2) (West 2011).

Petitioner contends that he does not fall within the purview of the statute because the present offense was committed more than five years had elapsed since his release from all confinement for the felony offense alleged in the indictment. However, petitioner was charged with intentionally and knowingly possessing "a firearm after the fifth anniversary of [his] release from confinement following conviction of the felony at a location other than the premises at which [he] lived," under subsection (2). (SHR-01 2.) Thus, deferring to the state courts' implied finding that petitioner was not charged under subsection (1), and assuming the state courts applied the *Strickland* standard, the state courts' rejection of petitioner's ineffective-assistance claim was not objectively unreasonable. Counsel is not required to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Under his remaining two claims, raised for the first time in his supplemental federal petition, petitioner asserts that trial counsel was ineffective by coercing and inducing his plea and by failing to challenge the confidential informant's credibility. (Supp. Pet. 6.) A state petitioner's claim raised for the first time in his federal habeas petition is unexhausted and procedurally barred from federal habeas review, unless the petitioner can show that (1) he either did not have counsel in

7

his state habeas proceeding or his state habeas counsel failed to raise the claim and (2) the claim is "substantial," meaning that it has "some merit." 28 U.S.C. § 2254(b)(1); *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). *See also Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (providing a federal court may raise procedural default sua sponte). Clearly, petitioner did not have counsel during his state-habeas proceedings; thus, the court must determine whether his claims have some merit.

Petitioner claims that counsel was ineffective by coercing/inducing him to plead guilty by telling him that if he went to trial he faced 25 years to life. (Supp. Pet. 6.) This claim is conclusory and belied by the documentary record of the plea proceedings. Petitioner executed the written plea admonishments in which he acknowledged that upon conviction he would be "punished for a second-degree felony," with a punishment range of 2 to 20 years imprisonment. He also acknowledged that he was aware of the consequences of his plea and that his plea was made "freely, knowingly and voluntarily" made. (SHR-01 16, 18.) *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Petitioner's claim of coercion after the fact, in and of itself, is insufficient to rebut the presumption that his plea was voluntarily made and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records

8

"are entitled to a presumption of regularity"). This claim has no merit and is procedurally barred from the court's review.

Lastly, petitioner claims that his trial counsel was ineffective by failing to challenge the confidential informant's credibility. (Supp. Pe. 6.) It is well settled that a guilty plea, if made knowingly and voluntarily, waives all nonjurisdictional defects in the proceeding preceding the plea, including ineffective-assistance-of-counsel claims that do not affect the voluntary nature of the plea. *See United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). Having concluded that petitioner's plea was voluntary and knowing, this claim is waived.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED March ___15___, 2019.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE